IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLENE EMANUEL | § | |
| | § | |
| V. | § | A-12-CV-592-LY |
| | § | |
| BASTROP INDEPENDENT SCHOOL DISTRICT | § § | |

**ORDER**

Before the Court is Defendant Bastrop Independent School District's ("Bastrop ISD") Motion to Compel and for Extension of Deadlines (Dkt. No. 26) and Defendant Bastrop ISD's Supplement to its Motion (Dkt. No. 28). The District Judge referred the motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  BACKGROUND**

Charlene Emanuel ("Emanuel") brings Title VII claims against her former employer, Bastrop ISD. She alleges that Bastrop ISD discriminated against her on the basis of her race by subjecting her to different terms and conditions of employment than non-Black employees. Emanuel further asserts that Bastrop ISD retaliated against her when she opposed its discriminatory treatment of her. More specifically, Emanuel claims that Bastrop ISD denied her training, dismissed her medical concerns, and threatened her when she appealed a grievance. In May 2012, Bastrop ISD discharged Emanuel from her employment with the school district. Dkt. No. 13.

The issues giving rise to the instant motion to compel seem to derive, at least in part, from Emanuel's inconsistent legal representation throughout the discovery period. Although Emanuel

initially filed her complaint *pro se*, she later retained the legal services of Terry Davis, an attorney who filed an Amended Complaint on Emanuel's behalf in December 2012. However, seven months later, Davis sought to withdraw as Emanuel's attorney (Dkt. No. 21), a motion granted by Judge Yeakel on August 5, 2013. *See* Dkt. No. 22. Emanuel again proceeded *pro se* until September 2013, when she retained another attorney, Chris Tolbert, to represent her in this case. Mr. Tolbert has not, however, made a formal appearance in the case to date.

## II. ANALYSIS

In its instant Motion to Compel, Bastrop ISD submits that it has attempted to work diligently and patiently with Emanuel in order to obtain necessary discovery in this case. Dkt. No. 26 at 1. Despite these attempts, Bastrop ISD contends that Emanuel has continued to delay and has failed to provide adequate responses to discovery requests. *Id.* at 1. For its part, Bastrop ISD notes that it has responded to discovery requests in a timely manner and has complied with the Scheduling Order in submitting its witness and exhibit lists on September 17, 2013. *Id.* As a result of Emanuel's continued delay in providing satisfactory and adequate discovery responses, Bastrop ISD requests the Court to compel Emanuel to serve (1) her overdue disclosures; (2) her overdue witness and exhibits list; (3) a verified and complete answer to Interrogatory No. 13; (4) all outstanding responsive documents; and (5) an executed medical authorization so that Bastrop ISD may obtain relevant medical documents to which it is entitled. *Id.* at 2. Bastrop ISD further asks the Court to extend its deadlines to complete discovery and all remaining deadlines. *Id.*

In its supplement, Bastrop ISD asserts that it continued to pursue a resolution to the discovery issues with Emanuel after filing its Motion to Compel. Dkt. No. 28. The parties apparently entered into an agreement, whereby Emanuel agreed to an extension of Bastrop ISD's deadlines as requested

and to provide all overdue discovery. *Id.* at 1. On November 15, 2013, the parties also agreed that Emanuel would provide all overdue discovery prior to Emanuel's deposition on November 22, 2013. *Id.* at 3. Unfortunately, according to Bastrop ISD, Emanuel has not abided by the terms of their agreement. *Id.* at 1–2. With the exception of providing the medical authorization form on November 18, 2013, Bastrop ISD continues to await the promised discovery responses. Emanuel also sent Bastrop ISD an unsigned draft of a witness list on November 27, 2013, but has not filed this witness list with the Court. Since at least August 2013, Bastrop ISD has made numerous attempts to obtain satisfactory discovery responses from Emanuel, all to no avail.

It is evident that Bastrop ISD has been diligent and patient in its attempts to resolve the discovery issues in this case with Emanuel. Unfortunately, it appears that Emanuel has continued to be unresponsive with regard to Bastrop ISD's discovery requests, thereby delaying any progress in this case. Furthermore, it is telling that Emanuel has failed to respond to both Bastrop ISD's Motion to Compel and Supplement. Accordingly, after reviewing Bastrop ISD's Motion to Compel (Dkt. No. 26) and Supplement (Dkt. No. 28), and further considering that neither filing has been responded to by Emanuel nor her counsel, the Court will **GRANT IN PART** and **DENY IN PART** Bastrop ISD's Motion to Compel (Dkt. No. 26). The Court grants all requests relating to discovery and hereby **ORDERS** Emanuel to serve (1) her overdue disclosures; (2) her overdue witness and exhibits list; (3) a verified and complete answer to Interrogatory No. 13; and (4) all outstanding responsive documents on or before **Monday, January 6, 2014**.

However, the Court denies Bastrop ISD's request to extend the deadlines contained in the Scheduling Order (Dkt. No. 20). At the Initial Pretrial Conference held on May 31, 2013, Judge Yeakel advised the parties that they could revise the dates in the Scheduling Order by agreement,

without court approval, except for the June 26, 2014, setting for their Final Pretrial Conference and the trial month of July, 2014, taking care that if they agree to move their dispositive motion deadline too close to the Final Pretrial Conference, the result could be that their dispositive motions would be carried to trial. The Court again advises the parties that they may continue to avail themselves of such procedure. Should the parties wish to extend their dispositive motion deadline by agreement, they must file a notice with the Court, informing the Court of such agreement.

Additionally, the Court also wishes to address Tolbert's representation of Emanuel. From Bastrop ISD's Motion to Compel and the Supplement, it appears that Tolbert has been representing Emanuel in this suit since September 6, 2013. Dkt. No. 26 at 4. In that period, Tolbert has communicated and entered into agreements with Bastrop ISD's counsel regarding discovery on behalf of Emanuel. *Id.* at 4–6. Tolbert also represented Emanuel during a deposition on November 22, 2013. Dkt. No. 28 at 3–4. Despite Tolbert's representation of Emanuel, Tolbert has not yet made a notice of appearance and consequently, is not an attorney of record in this case. It is also unclear to the Court whether Tolbert is admitted to practice in the United States District Court for the Western District of Texas. If Tolbert continues to represent Emanuel, the Court strongly urges Tolbert to consult Local Rule AT–1,[1] which governs the admission of attorneys in the Western District of Texas, and urges him to file a notice of appearance so that he may receive notices from the Court.

---

[1] A copy of the Local Rules for the United States District Court for the Western District of Texas can be found at http://www.txwd.uscourts.gov/Rules/Online/default.asp. Further information regarding applying for admission to practice in the Western District of Texas, including the standard Motion and Order for Admission Pro Hac Vice for the Austin Division, can be found at http://www.txwd.uscourts.gov/Admission/default.asp.

Finally, Emanuel is **WARNED** that failure to comply with this order and provide the discovery responses and other materials this order directs her to provide to Bastrop ISD, could result in sanctions, including and up to dismissal of this cause of action.

### III.  CONCLUSION

In summary, the Court **GRANTS IN PART** and **DENIES IN PART** Bastrop ISD's Motion to Compel and for Extension of Deadlines (Dkt. No. 26) in accordance with the preceding discussion.  Emanuel is **ORDERED** to serve the remaining discovery on or before **Monday, January 6, 2014**.

It is **FURTHER ORDERED** that the Clerk serve a copy of this Order via certified mail upon both Plaintiff Charlene Emanuel at P.O. Box 150941, Austin, Texas 78715, and her counsel, Chris Tolbert at The Chris Tolbert Law Firm, 512 E. 11th Street, Suite 110, Austin, Texas 78701.  The Clerk is further ordered to send an electronic copy of this Order to Chris Tolbert's at ctolbert@christolbertlaw.com.

SIGNED this 19th day of December, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE