IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLENE EMANUEL, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | A-12-CV-592-DAE-AWA |
| | § | |
| BASTROP INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| Defendant. | § | |

ORDER ON NONDISPOSITIVE MOTIONS AND
REPORT AND RECOMMENDATION ON MOTION FOR SANCTIONS

TO: THE HONORABLE DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Bastrop Independent School District's ("BISD") Motion for Sanctions (Dkt. No. 32); Plaintiff Charlene Emanuel's ("Emanuel") First Motion in Limine (Dkt. No. 35); Plaintiff Emanuel's Notice of Grievance (Dkt. No. 36); Defendant BISD's Response to Emanuel's Motion in Limine (Dkt. No. 37); Defendant BISD's Response to and Motion to Strike Emanuel's Grievance and Supplement to BISD's Motion for Sanctions (Dkt. No. 39); Plaintiff Emanuel's Motion for Electronic Filing (Dkt. No. 41); Plaintiff Emanuel's Second Motion in Limine (Dkt. No. 43); Defendant BISD's Response and Motion to Strike Emanuel's Second Motion in Limine (Dkt. No. 44); and Plaintiff Emanuel's Motion for Continuance and Extension of Court Deadlines (Dkt. No. 52).

The District Court referred the above non-dispositive motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Because BISD

requests the Court to dismiss the instant cause of action in its Motion for Sanctions, the undersigned also submits the following report and recommendation on BISD's Motion for Sanctions (Dkt. No. 32). The Court held a hearing on all of the above-motions on April 22, 2014. Although Emanuel received notice of the hearing, she did not appear and failed to respond to court staff when contacted after the hearing began.[1]

## I. BACKGROUND

Charlene Emanuel ("Emanuel") brings Title VII claims against her former employer, Bastrop ISD. She alleges that BISD discriminated against her on the basis of her race by subjecting her to different terms and conditions of employment than employees who were not African American. Emanuel further asserts that BISD retaliated against her when she opposed its discriminatory treatment of her. More specifically, Emanuel claims that BISD denied her training, dismissed her medical concerns, and threatened her when she appealed a grievance. In May 2012, BISD discharged Emanuel from her employment with the school district. In this case, Emanuel seeks damages in the form of lost past and future wages, lost future retirement benefits, and compensation for embarrassment, humiliation, mental anguish, and loss of enjoyment of life. Dkt. No. 13.

---

[1] The Court's Order setting the April 22nd hearing was issued on April 11, 2014. Dkt. No. 45. The order was sent to Emanuel via certified mail and Emanuel received it on April 17, 2014. *See* Dkt. No. 48. On April 22, 2014, because Emanuel was not present, the Court waited to call the case until 10:07 a.m., and had court staff attempt to contact Emanuel via telephone around 10:18 a.m. The call was not answered, but court staff did leave a message directing Emanuel to contact the Court and provided its telephone number. By the end of the hearing at 10:35 a.m., the Court still had not received any communication from Emanuel. During the hearing, BISD's counsel stated that he had spoken with Emanuel early during the week of April 14, 2014, and during this conversation, BISD mentioned the hearing set for April 22, 2014. Finally, at approximately 1:00 p.m. on April 22, 2014, the Court received a phone call from Emanuel. She stated that she believed from her conversation with BISD's counsel that the hearing would be postponed.

Throughout the course of this litigation, Emanuel has had inconsistent legal representation. Although Emanuel initially filed her complaint *pro se*, she later retained the legal services of Terry Davis, who filed an Amended Complaint on Emanuel's behalf on December 28, 2012. *See* Dkt. No. 13. However, seven months later, Davis sought to withdraw as Emanuel's attorney (Dkt. No. 21), and Judge Yeakel permitted his withdrawal on August 5, 2013. *See* Dkt. No. 22. Emanuel proceeded *pro se* until September 5, 2013, when she retained another attorney, Chris Tolbert, to represent her in this case. As noted in prior orders, Mr. Tolbert never made an appearance in this court, though he did sign and serve interrogatory answers, defend Emanuel's deposition, and otherwise represent her through the fall and winter of 2013-14. In February 2014, Mr. Tolbert apparently informed Emanuel he could no longer represent her.[2]

## II. ANALYSIS

As an initial matter, the Court will address several pending motions in this case—two Motions in Limine (Dkt. Nos. 35, 43) filed by Emanuel,[3] a Motion for Electronic Filing (Dkt. No. 41) filed by Emanuel, two Motions to Strike (Dkt. Nos. 39, 44) filed by BISD, and the Notice of Grievance (Dkt. No. 36) that was filed by Emanuel on March 7, 2014. Having reviewed these

---

[2] On April 21, 2014, the Court received a letter via fax from Mr. Tolbert, indicating that he would be unable to attend the April 22, 2014, hearing because he had a jury trial beginning on that date. The letter is over three pages long, and contains much information protected by the attorney-client privilege, along with Tolbert's explanation for why he felt compelled to wihdraw. Because of the attorney-client material, the Court directed the Clerk to file the letter under seal as an ex parte document. Dkt. No. 49. As noted during the hearing, the Court does not rely on anything in the letter in making its rulings and recommendations herein.

[3] Document number 43 is titled as a "Grievance" by Emanuel. However, the contents of the submission clearly demonstrate that the filing should be treated as a motion in limine because Emanuel is asking the Court to enter an order instructing BISD not to refer to, comment on, or introduce evidence pertaining to all the medical evidence in this case. Dkt. No. 43. As such, the Court construes Emanuel's second "Grievance" as a motion in limine.

motions and documents in light of entire case history, the Court hereby **DENIES** Emanuel's First and Second Motions in Limine (Dkt. Nos. 35, 43) and her Motion for Electronic Filing (Dkt. No. 41). The Court further **GRANTS** BISD's Motions to Strike (Dkt. No. 39, 44).

Emanuel's Notice of Grievance accuses all of the attorneys in this case, including her own, of intimidation, misrepresentation, and exploitation. Dkt. No. 36. She also complains vehemently about the conduct of all attorneys during her deposition and particularly about the attorneys disclosing and discussing her medical records. However, if Emanuel believes that she has witnessed attorney misconduct, she should file a grievance with the State Bar of Texas. *See For the Public*, STATE BAR OF TEXAS, http://www.texasbar.com/AM/Template.cfm?Section=For_The_Public (last visited Apr. 24, 2014). This Court is not the appropriate forum to address Emanuel's grievances against the attorneys in this case. Accordingly, the Court **GRANTS** BISD's Motion to Strike Emanuel's Notice of Grievance (Dkt. No. 39).[4]

Emanuel also moves the Court for permission for electronic filing. The Local Rules for the United States District Court for the Western District of Texas permit parties to file their documents electronically or by traditional means. Local Rule CV–5(a). Documents filed in either manner are treated equally, provided they conform to the requirements set forth in the Local Rules. *Id.* Emanuel's motion fails to state any reasons for requesting electronic filing. There is no claim that she is being prejudiced or disadvantaged in any manner by filing her documents using the traditional method. As such, the Court will **DENY** Emanuel's Motion for Electronic Filing (Dkt. No. 41).

---

[4] To the extent Emanuel's Notice of Grievance contains any substantive material relevant to the Court's consideration of the other pending motions, the Court will consider the information in ruling on the other motions.

Finally, the Court addresses Emanuel's two Motions in Limine (Dkt. Nos. 35, 43) as well as BISD's Motion to Strike Emanuel's Second Motion in Limine (Dkt. No. 44). Emanuel's motions in limine both present the same contention: that the medical evidence sought and used by BISD in the course of discovery is not relevant to this lawsuit. *See* Dkt. Nos. 35, 43. Emanuel requests that this Court enter an order "instructing [BISD] not to refer to, comment on, or introduce evidence as to all medical evidence." Dkt. No. 35. Emanuel further argues that she was unfairly surprised by the medical evidence during her depositions. *Id.* Her claims, however, are wholly without merit. For the time period pertinent to the instant suit, Emanuel's medical history is certainly relevant. In the current live complaint in this case, Emanuel claims that BISD willfully discriminated against her and subjected her to disparatet treatment based, at least in part, on her medical concerns. Dkt. No. 13, ¶ 8(a). Additionally, Emanuel is seeking compensation based upon the mental anguish she suffered as a result of BISD's actions. *Id.* ¶ 9. Although Emanuel may feel uncomfortable about BISD's access to her medical records, she has made these records relevant through her own claims. Consequently, the Court **DENIES** Emanuel's Motions in Limine (Dkt. Nos. 35, 43) and **GRANTS** BISD's Motion to Strike Emanuel's Second Motion in Limine (Dkt. No. 44).

**A.     BISD's Motion for Sanctions (Dkt. No. 32)**

In its Motion for Sanctions, BISD reiterates many of the same issues that were submitted to the Court in its previous Motion to Compel (Dkt. No. 26) and the Supplement (Dkt. No. 28). Generally, BISD complains that despite repeated efforts to work with Emanuel or her counsel at the time, BISD has been unable to obtain the necessary discovery in this case. Dkt. No. 32 at 1–2. BISD argues that Emanuel's actions have delayed progress in this case, including preparations for dispositive motions and trial. *Id.* BISD further contends that the discovery it seeks is relevant to the

healthcare Emanuel received, the damages she allegedly suffered, and the basis for her claims. *Id.* BISD submits that it has been attempting to obtain this discovery since June 30, 2013, when Emanuel's discovery responses were first due. *Id.* at 3. As a result of Emanuel's continued delay, BISD requests that this Court dismiss Emanuel's cause of action and award BISD its costs and fees. *Id.* at 2. In the alternative, BISD asks the Court to extend all deadlines so that it may have adequate time to prepare dispositive motions and to complete discovery. *Id.* Emanuel has not responded to BISD's Motion for Sanctions.

Federal Rule of Civil Procedure 37(b)(2) permits "the court where the action is pending" to "dismiss[] the action or proceeding in whole or in part" when a party "fails to obey an order to provide or to permit discovery." Under FED. R. CIV. P. 37, the district court has broad discretion in determining the appropriate sanctions for a party who fails to comply with court orders. *See, e.g.*, *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012); *Chilcutt v. United States*, 4 F.3d 1313, 1320 (5th Cir. 1993). In deciding whether to dismiss a cause of action as a sanction under FED. R. CIV. P. 37, the Fifth Circuit has delineated the following principles: (1) "dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) "the violation of the discovery order must be attributable to the client instead of the attorney"; (3) "the violating party's misconduct must substantially prejudice the opposing party;" and (4) "dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994) (internal quotations and citations omitted). In addition, the court may "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(b)(2)(C).

After reviewing the entire record, the Court concludes that Emanuel's actions here warrant dismissal of her case.  All of the factors noted above weigh in favor of dismissing her case.  First, it is clear that BISD's inability to obtain adequate discovery results, in large part from Emanuel's willful and deliberate refusal to cooperate, even *after* the Court had issued an order directing Emanuel to provide the discovery responses.  Furthermore, the record evinces a long history of uncooperative actions by Emanuel.[5]  A complete history of Emanuel's actions delaying progress in this case is too extensive to be set forth in detail here.  *See* Dkt. No. 32 at 2–15.  The Court notes, however, that despite repeated attempts by BISD, it is still waiting on adequate discovery responses nearly ten months after the initial deadline and nearly four months after the Court ordered that Emanuel respond to the discovery requests.  BISD also waited several months after the initial discovery response deadline to obtain a medical authorization from Emanuel to obtain her relevant records.  Dkt. No. 32 at 7.  In addition, the parties have also had to extend their dispositive motions deadline three times due to incomplete discovery.  *See* Dkt. Nos. 31, 40, and 46.  The Court further witnessed evidence of Emanuel's deposition, during which she provided evasive answers to simple questions, such as the names of the people she worked for while employed at BISD.[6]  *See* Dkt. No. 51, Exh. 1.  Finally, although Emanuel was supposed to file her designation of potential witnesses, testifying experts, and proposed exhibits, and serve on BISD the materials required by FED. R. CIV. P. 26(a)(2)(B) by August 16, 2013, she has yet to properly file or serve many of those documents.

---

[5] Having received no response from Emanuel, in writing or at the hearing on April 22, 2014, the Court has no alternative characterization of the events in this case.

[6] It is odd that Emanuel would be unable to name such individuals, particularly as she accuses some of them of creating the hostile work environment she experienced at BISD.  *See* Dkt. No. 51, Exh. 1.

7

Based on this history, the Court has no difficulty in finding that Emanuel's actions delaying progress in this case are deliberate and not isolated.

Additionally, there is also evidence that the delay can be attributed to Emanuel herself. For example, it was Emanuel who filed two motions in limine seeking to exclude clearly relevant evidence *after* the Court's previous order. Dkt. Nos. 35, 43. In the latter motion, Emanuel demonstrates her continued opposition to the release of her relevant medical records and accuses her previous attorney, Mr. Tolbert, of breaching her confidence in doing so. Dkt. No. 43. While the Court does not consider whether or not Mr. Tolbert committed any wrongdoing in releasing the medical records to BISD, it is clear that Emanuel herself continues to oppose the release of clearly relevant evidence. Through January 2014, Emanuel had still not provided the requested documents to Mr. Tolbert or BISD. Dkt. No. 32 at 13. Emanuel's delay in providing adequate discovery to BISD has continued despite the Court's previous discovery order directing her to provide those responses and explicitly warning her that failure to comply could result in sanctions, "including and up to dismissal of this cause of action." Dkt. No. 29 at 5.

It is also clear that Emanuel's continuous delay has substantially prejudiced BISD in its preparation for dispositive motions and trial. As mentioned above, BISD is still waiting on adequate discovery responses nearly ten months after the initial deadline, almost five months after the discovery deadline, and nearly four months after the Court has ordered that Emanuel respond to the discovery requests. Basic documentation, such as Emanuel's designation of potential witnesses, testifying experts, proposed exhibits, and her initial disclosures, have not been properly filed or served or remain incomplete.

Finally, the Court concludes that lesser sanctions would not serve the desired deterrent effect. *See Batson v. Neal Spelce Assoc., Inc.*, 765 F.2d 511, 516 (5th Cir. 1985) (remanding the district court's dismissal of a cause of action because there was no evidence that the district court considered lesser sanctions). In this case, striking parts of Emanuel's pleadings, directing that certain matters be taken as established, or rendering default judgments as to her claims concerning mental anguish would not resolve all of the outstanding issues. As previously noted, Emanuel still has not properly filed or served her designation of potential witnesses, testifying experts, proposed exhibits, and the information required by FED. R. CIV. P. 26(a)(2)(B) over eight months after these documents were due. Emanuel has provided no indication to this Court that these documents will be properly filed or served in the near future. Emanuel also never responded to BISD's Motion to Compel in November 2013 or BISD's Motion for Sanctions in February 2014. Instead, Emanuel's actions have continued despite the Court's previous Order, which unambiguously warned her that failure to comply could result in sanctions, including dismissal of her case. Dkt. No. 29. While the Court recognizes that Emanuel has had inconsistent representation and now appears to be proceeding *pro se*, it is now nearly ten months since her discovery responses were due. Thus, imposing lesser sanctions upon Emanuel would not resolve her failure to prosecute this case. As a result, the Court finds that lesser sanctions would not achieve the desired deterrent effect in this situation.

As to the issue of payment of expenses, Federal Rule of Civil Procedure 37(b)(2)(C) states that "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." (emphasis added). At the hearing, BISD submitted a chart detailing the expenses it has incurred in this case. Dkt. No. 51, Exh. 2. Related to its motion, BISD requests this Court to sanction Emanuel for fees and costs

9

totaling $17,738.00. *Id.* In light of the fact that Emanuel is proceeding *pro se* and that this Court is recommending that her cause of action be dismissed, the Court declines to impose sanctions in the amount requested by BISD. However, Emanuel has clearly violated Federal Rule of Civil Procedure 37 by repeatedly failing to comply with the Court's previous discovery order. After considering the record and Emanuel's actions in this case, the Court determines *sua sponte* that the appropriate sanction amount is $5,000.00 and will recommend that the district court order Emanuel to pay BISD the sum of $5,000.00 as sanctions.

**B.     Emanuel's Motion for Continuance and Extension of Court Deadlines (Dkt. No. 52)**

On April 25, 2014, three days after the scheduled hearing, Emanuel filed a motion to continue the case and to extend the deadlines. Dkt. No. 52. Although Emanuel states that she has tried to obtain new counsel, she has been unable to find one at this time.[7] As such, Emanuel requests that the Court extend the deadlines in this case by at least ninety (90) days to allow her to obtain new counsel and afford her new counsel sufficient time to prepare.

District courts have "broad discretion in deciding requests for continuances . . . ." *United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009). "When the question for the trial court is a scheduling decision, such as whether a continuance should be granted, the judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549–50 (5th Cir. 2000) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986)). As

---

[7]Given her behavior in this case, and the withdrawal of her two previous counsel, it is highly unlikely that Emanuel will find an attorney interested in taking her case.

Emanuel notes in her motion, this case has been pending on the Court's docket since July 6, 2012. Dkt. No. 52 at 1. Almost two years later, the case has barely progressed as discovery is still incomplete due to Emanuel's own insistence that certain information should not be released to BISD—information that is not only relevant, but was ordered produced by the Court by January 6, 2014. Dkt. No. 29. Again, the Court acknowledges that Emanuel has had inconsistent representation and is now proceeding *pro se*, but she has provided no evidence to indicate that allowing her time to retain new counsel would change her insistence that BISD is not entitled to the medical records her very own claims make relevant. Furthermore, Emanuel's *pro se* status does not offer her "an impenetrable shield, for one acting pro se has no license to . . . clog the judicial machinery . . . and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Accordingly, if the district court accepts the undersigned's Report and Recommendation on BISD's Motion for Sanctions, the undersigned **RECOMMENDS** that Emanuel's Motion for Continuance and Extension of Court Deadlines (Dkt. No. 52) be **DENIED AS MOOT**.

## III. CONCLUSIONS AND RECOMMENDATIONS

In summary, this Court **RECOMMENDS** that the District Judge **GRANT** BISD's Motion for Sanctions (Dkt. No. 32) and **DISMISS WITH PREJUDICE** Emanuel's cause of action. The Court further **RECOMMENDS** that the District Judge **DENY AS MOOT** Emanuel's Motion for Continuance and Extension of Court Deadlines (Dkt. No. 52).

Finally, the Court **RECOMMENDS** that the District Judge sanction Emanuel in the form of costs and attorneys' fees in the amount of **FIVE THOUSAND DOLLARS ($5,000.00)** for violations of the Federal Rules of Civil Procedure, to be paid to the opposing party.

As to the non-dispositive motions before the Court,

It is **ORDERED** that Emanuel's First Motion in Limine (Dkt. No. 35); Emanuel's Motion for Electronic Filing (Dkt. No. 41); and Emanuel's Second Motion in Limine (Dkt. No. 43) are **DENIED**.

It is further **ORDERED** that BISD's Motion to Strike Emanuel's Grievance (Dkt. No. 39) and BISD's Motion to Strike Emanuel's Second Motion in Limine (Dkt. No. 44) are **GRANTED**.

It is **FURTHER ORDERED** that the Clerk serve a copy of this Order via certified mail upon both Plaintiff Charlene Emanuel at P.O. Box 150941, Austin, Texas 78715.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of April, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE