IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLENE EMANUEL, | § | CV. NO. 1:12-CV-0592-DAE |
| | § | |
| Pro Se Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| BASTROP I.S.D., | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER: (1) DENYING OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION; (2) ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Before the Court is an objection to Magistrate Judge Austin's Memorandum and Recommendation filed by Charlene Emanuel ("Plaintiff"). ("Obj.," Dkt. # 56.) The Court held a hearing on Plaintiff's Objections on June 26, 2014. Plaintiff appeared pro se, and John D. Husted, Esq., represented Bastrop I.S.D. ("Defendant"). After careful consideration of the memoranda in support of and in opposition to the Memorandum and Recommendation, the Court, for the reasons that follow, **DENIES** Plaintiff's Objections to the Memorandum and **ADOPTS** the Magistrate Judge's recommendations to **GRANT** Defendant's Motion for Sanctions (Dkt. No. 32) and **DISMISS WITH PREJUDICE** Emanuel's cause

1

of action.  The Court further **ADOPTS** the Magistrate Judge's recommendation that the Court **DENY AS MOOT** Emanuel's Motion for Continuance and Extension of Court Deadlines (Dkt. No. 52).

The Court **ADOPTS** the Magistrate Judge's recommendation to sanction Emanuel in the form of costs and attorneys' fees in the amount of FIVE THOUSAND DOLLARS ($5,000.00) for violations of the Federal Rules of Civil Procedure, to be paid to the opposing party.

BACKGROUND

On July 6, 2012, Plaintiff filed a complaint under Title VII against Defendant, her former employer.  ("Comp.," Dkt. # 1.)  In her complaint, Plaintiff alleged Defendant discriminated against her on the basis of her race, color, national origin, age and disability.  (Comp. at 3.)  Plaintiff further alleged that Defendant retaliated against her for opposing its alleged discriminatory treatment.  (Id. at 4.)

In May 2012, Defendant discharged Plaintiff from her employment with the school district.  Plaintiff asserts that discharge was the culmination of discriminatory behavior by Defendant.  (Id.)  Defendant argues that Plaintiff's dismissal and all previous disciplinary action against her resulted from her poor performance and inappropriate behavior.  (Dkt. # 16.)

Defendant moved for sanctions and sought an order dismissing Plaintiff's causes of action and awarding Defendant its costs and fees.  ("Mot.," Dkt.

# 32.)  Defendant asserts that Plaintiff has repeatedly missed discovery deadlines and refused to hand over relevant evidence, resulting in Defendant's inability to present a proper defense.  (Id. at 1-2.)

Throughout the course of this litigation, Plaintiff has had sporadic legal representation.  Although Plaintiff initially filed her complaint pro se, she later retained the legal services of Terry Davis, who filed an Amended Complaint on her behalf on December 28, 2012.  (Dkt. # 13.)  However, seven months later, Davis sought to withdraw as Plaintiff's attorney (Dkt. # 21), and Judge Yeakel permitted his withdrawal on August 5, 2013.  (Dkt. # 22.)  Plaintiff proceeded pro se until September 5, 2013, when she retained attorney Chris Tolbert.  Mr. Tolbert never made an appearance before the Magistrate; however, he did sign and serve interrogatory answers, defend Plaintiff's deposition, and otherwise represent her through the fall and winter of 2013–14.  In February 2014, Mr. Tolbert informed Plaintiff he could no longer represent her.

On May 31, 2013, the Court issued its initial scheduling order and set August 16, 2013 as the deadline for Plaintiff to designate potential witnesses, testifying experts and proposed exhibits.  (Dkt. # 20 ¶ 2.)  As of November 5, 2013, Plaintiff had not produced any of the relevant information due on August 16, 2013.  (Dkt. # 26 at 3.)  Defendant filed a motion to compel the relevant documents.  (Id.)

On May 31, 2013, Defendant served Plaintiff with (1) Defendant's First

3

Set of Interrogatories, (2) Defendant's First Set of Requests for Production, and (3) Defendant's First Set of Requests for Admissions.  Plaintiff's deadline to respond was June 30, 2013.  (Dkt. # 26, Ex. A.)

On July 5, 2013, counsel for Defendant conferred with Plaintiff's first attorney, Mr. Davis, regarding his intent to file a Motion for Withdrawal and an extension of Plaintiff's deadline to respond to discovery.  Defendant agreed to a one-month extension of Plaintiff's deadline to respond until July 30, 2013.  (Dkt. # 21.)  Despite Defendant's extension of the response deadline, Plaintiff still failed to turn over the necessary documents.  (Id.)

On November 15, 2013, the parties agreed that Plaintiff would provide all overdue discovery prior to Plaintiff's deposition on November 22, 2013.  (Dkt. # 28 at 3.)  According to Bastrop I.S.D., Plaintiff only sent Defendant an unsigned, draft witness list on November 27, 2013, which Plaintiff did not file with the court.  (Id. at 1–2.)

On December 27, 2013, Defendant again agreed to an extension of the discovery deadline, this time, until February 5, 2014.  (Dkt. # 31.)  On January 30, 2014 the parties' counsels conferred regarding the overdue discovery items.  (Dkt. # 32 at 13.)  At that time, Plaintiff's counsel informed Defendant's counsel that he did not know if Plaintiff would provide any of the information before the new deadline.  (Id.)  Counsel for Defendant also explained that the documents he had

received from Plaintiff showed that Plaintiff received treatment from other healthcare providers that she did not disclose, and that additional medical authorizations for those additional providers were necessary. (Id.) On February 7, 2014, after yet another discovery deadline had passed, Defendant filed the Motion for Sanctions at issue here. (Id.)

## LEGAL STANDARD

### I. Review of a Magistrate Judge's Memorandum and Recommendation

Any party may contest the Magistrate Judge's findings by filing written objections within fourteen days of being served with a copy of the Memorandum and Recommendation. 28 U.S.C. § 636(b)(1)(C). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982), overruled on other grounds by Douglass v. United States Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996)).

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made."). On the other hand, findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Memorandum and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

I.    Dismissal of Plaintiff's Cause of Action

Defendant brought this Motion for Sanctions pursuant to Fed. R. Civ. P. 37(b)(2). When a party "fails to obey an order to provide or to permit discovery" a court may respond by striking the pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action or proceeding in whole or in part or rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iii)–(vi). A trial judge has broad discretion to fashion an appropriate sanction. Pressey v. Patterson, 898 F.2d 1018, 1021 (5th Cir. 1990). However, several factors must be present before a district court may dismiss a case with prejudice as a sanction for violating a discovery order. FDIC v. Conner, 20 F.3d 1376, 1380 (5th Cir. 1994). First, there must be a refusal to comply that results from "willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct." Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir.1990). Second, the violation of the discovery order must be attributable to the client instead of the attorney. Id. Third, the violating party's misconduct "must

substantially prejudice the opposing party." Id.  Finally, the Fifth Circuit has indicated that dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect.  FDIC v. Conner, 20 F.3d at 1381.

After examining these factors, the Court finds that each of them weighs heavily against the Plaintiff and supports the Magistrate Judge's finding that this case should be dismissed with prejudice.  First, there is no way to characterize Plaintiff's refusal to hand over the appropriate discovery items other than willful and in bad faith.  Plaintiff missed multiple deadlines, even after Defendant agreed to numerous extensions.  (See Dkt. # 32 at 2–15.)  To date, Plaintiff is still not in compliance with her discovery obligations or the Court's Order directing her to comply or risk facing the sanctions previously mentioned.  (Dkt. #29.)  During her deposition, Plaintiff refused to answer or provided evasive answers to simple questions such as the identities of those she claims racially discriminated against her (Dkt. #32 Ex. N at 334–336.)  She refused to answer pointed questions regarding documentation of her poor performance at work.  (Id. at 185–195.)  Plaintiff claimed to not remember several episodes of nervous breakdowns at work or direct actions taken against her by supervisors for her poor performance.  (Id. at 328–333.)

Second, although Plaintiff attempted, in her Objection to place the blame for these failures on her attorneys, she has provided no evidence to support this theory.  (Obj. at 4.)  Plaintiff only relies on the fact that during some of the

relevant time, she had been represented by an attorney.  That is not sufficient to excuse her failure to comply with discovery obligations.  Plaintiff must offer more evidence than the bare fact that she was represented at the time of the missed deadlines.  A district court need not consider frivolous, conclusive, or general objections.  <u>Battle</u>, 834 F.2d at 421.  Additionally, when pressed by Defense Counsel, Plaintiff's Counsel admitted that he had not received any discovery evidence from Plaintiff despite the looming deadline.  (Dkt. # 32 at 13.)  Similarly, Plaintiff had also failed to comply with her discovery obligations for more than seven months prior to Defendant filing its Motion for Sanctions.  Plaintiff was pro se during much of this time and was solely responsible for meeting her discovery obligations of which she was well aware.  Further, the record shows that Plaintiff actively hindered and personally attacked her counsel for following simple procedural matters required by law.  In her "grievance," filed on March 7, 2014, Plaintiff accused her attorney of conspiring with Defendant's counsel to violate her privacy rights by sharing relevant medical evidence as part of discovery.  (Dkt. # 36.)  Plaintiff claimed she was never consulted about signing release forms for the records; however the record indicates that her attorney did discuss this matter with her.  (Dkt. # 49 at 2.)  Finally, Plaintiff failed to appear at the April 22, 2014 hearing.  Plaintiff claims her absence was in reliance of statements made by Defendant Counsel which indicated they would "handle the matter."  (Obj. at 5.)

However, because the hearing was never cancelled by the Court and because Plaintiff has no evidence of Defendant's counsel's statements, this will not excuse Plaintiff's absence.

Plaintiff's refusal to meet court directed deadlines has severely prejudiced Defendant. Nearly one year after the initial scheduling order was released, Plaintiff has still not complied with her discovery obligations including designating potential witnesses, testifying experts, proposed exhibits or providing initial disclosures. (Dkt. # 53 at 8.) Plaintiff's delays have cost Defendant significant time and money and required them to draft and file additional motions. (Dkt. # 32 at 16.)

Finally, lesser sanctions would not be effective or serve any beneficial purpose. Plaintiff has shown blatant disregard for this Court's authority. She remains delinquent in filing required discovery, even though she was specifically warned that her failure to comply would result in sanctions. (Dkt. # 29.) Plaintiff has demonstrated her disregard for the legal system and process she invoked.

In addition to violating multiple court orders, Plaintiff did not respond to Defendant's Motion to Compel or Motion for Sanctions. (Dkt. # 53.) Rather than use those opportunities to correct the record and explain her delinquencies, Plaintiff chose to file frivolous motions in limine to prevent Defendant from discussing relevant medical testimony and accusing all legal counsel involved in the case of a

conspiracy to violate her privacy[1].  (Dkt. ## 35, 36.)

The Court and Defendant's Counsel have been exceedingly lenient with Plaintiff; however, Plaintiff's continuing contumacious conduct warrants a severe sacntion.  Plaintiff's dilatory tactics were so blatant, and her misrepresentations so continuous, that the Court finds that there would be no purpose in attempting to issue a lesser sanction.  Plaintiff has already demonstrated her willingness to disregard this Court's orders and hinder the progress of this case.  Accordingly, this Court concludes that only the sanction of dismissal with prejudice will serve the desired deterrent effect.  Additionally, because Plaintiff's case is dismissed with prejudice, her Motion for Continuance and Extension for Court Deadlines (Dkt. # 52) is also dismissed as moot.

II.     <u>Sanction of Attorney Fees</u>

Fed. R. Civ. P. 37(b)(2)(C) states that the Court "must order the disobedient party… to pay the reasonable expenses, including attorney's fees, caused by the failure, unless . . . other circumstances make an award of expenses unjust."  Defendant submitted a chart detailing the legal expenses incurred defending this case.  (Dkt. # 51, Ex. 2.)  Defendant seeks attorney's fees totaling $17,738.00.  (<u>Id.</u>)

---

[1] Plaintiff has subsequently admitted that there was no basis for the accusations she levied against her attorney and opposing counsel.  (Dkt. # 56 at 16.)

The Magistrate Judge declined to impose the full measure of attorney's fees on Plaintiff, in light of her pro se status, and instead recommended that she be assessed $5,000 in fees.  Emanuel objected to this sanction.  (Dkt. # 56 at 5.)  After careful consideration of the facts, and considering the expenses incurred by Defendant and the judicial resources wasted as a result of Plaintiff's continued failure to comply with court orders, the Court finds that this award is not only reasonable, but also generous.  See Tollett v. City of Kemah, 285 F.3d 357, 368 (5th Cir. 2002) ("a party and its counsel can only be held responsible for the reasonable expenses [including attorney's fees] caused by their failure to comply with discovery) (internal quotations omitted). See also Chapman & Cole v. Itel Container Int'l B.V., 865 F.2d 676, 687 (5th Cir. 1989) (Under Rule 37 a party can only be held responsible for the reasonable expenses caused by their failure to comply with discovery).

Accordingly, the Court adopts the Magistrate's recommendation that Plaintiff be sanctioned in the sum of $5,000 for attorney's fees incurred by Defendant as a result of Plaintiff's refusal to comply with discovery orders.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant' Motion for Sanctions and **ADOPTS** the Magistrate Judge's **RECOMMENDATIONS**. (Dkt. # 53.)

IT IS SO ORDERED.

DATED: Austin, Texas, July 2, 2014.

_____
David Alan Ezra
Senior United States Distict Judge